**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gloria L. Cobbs, | No. CV-19-01463-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Walmart Stores Incorporated, et al., | |
| Defendants. | |

On December 26, 2018, Plaintiff Gloria L. Cobbs, appearing *pro se*, initiated this action in the Superior Court of Arizona in Maricopa County. (Doc. 1-3 at 2.) On March 4, 2019, Defendants removed the action to this Court. (Doc. 1.)

On March 11, 2019, Defendants filed a motion to dismiss for failure to state a claim. (Doc. 10.) Pursuant to LRCiv 7.2(b), Plaintiff's response was due 14 days later, on March 25, 2019. Plaintiff did not file a response.

On April 25, 2019, Defendants filed a motion for summary disposition (Doc. 11) pursuant to LRCiv 7.2(i), which provides that if the opposing party "does not serve and file the required answering memorandum, . . . such non-compliance may be deemed a consent to the denial or granting of the motion, and the Court may dispose of the motion summarily." Defendants noted that they had sent a copy of the motion to dismiss to Plaintiff via U.S. mail and email, and that the parties had discussed the claims asserted in the motion before it was filed, such that Plaintiff definitely knew about the motion. (Doc. 11 at 1-2.) Plaintiff's response to Defendants' motion for summary disposition was due

March 9, 2019.  Plaintiff has yet to respond to either of Defendants' pending motions.[1]

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008) (upholding district court's decision to apply LRCiv 7.2(i) and grant summarily a motion to dismiss because plaintiffs failed to timely respond).  "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53.  "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990.  Regarding the second factor, Plaintiff's failure to respond to the motion to dismiss prompted Defendants to file a motion for summary disposition upon which the Court must now rule, and therefore Plaintiff's failure has caused needless consumption of court resources. *Wystrach*, 267 F. App'x at 608; *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (finding this factor weighed in favor of dismissal where plaintiff's noncompliance "consumed some of the court's time that could have been devoted to other

---

[1]     Indeed, Plaintiff has not filed anything since the action was removed.

cases on the docket"). Plaintiff did not request an extension and has offered no explanation for her failure to respond. The Court finds that these two factors strongly support dismissal.

The third factor, risk of prejudice to Defendants, also supports dismissal. This case already has been delayed over a month by Plaintiff's failure to respond. The delay risks prejudice to Defendants. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade."). Furthermore, Defendants incurred expenses preparing and filing their motion for summary disposition, which would not have been needed had Plaintiff timely responded. Plaintiff's failure to respond to the motion for summary disposition provides further support to dismissal. *Id.* In light of Plaintiff's failure to participate in this case since the date of removal, the Court finds that the third factor strongly supports dismissal.

The fourth factor weighs against summary dismissal. "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach*, 267 F. App'x at 608.

The fifth factor requires the Court to consider whether less drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply. *Connecticut Gen. Life*, 482 F.3d at 1096. Here, Plaintiff has been warned. Defendants' motion for summary disposition includes a thorough, easily-understood analysis of the steps that the Court must undertake in determining whether to dismiss the complaint—supported by citations to case law—and therefore the Court finds that Plaintiff was on notice that dismissal was both possible and imminent. Moreover, a pro se plaintiff is bound by the Court's local rules and is expected to read them and follow them. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Here, a local rule expressly permits the Court to "dispose of the motion summarily" when an "unrepresented party" fails to "file the required answering memoranda" for a motion. LRCiv 7.2(i). It is within the Court's discretion to dismiss the

action summarily at this juncture. *Parker*, 2010 WL 1640963, *2; *see also United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

The Court has considered whether less drastic sanctions could be appropriate in this case. Available alternatives include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition." *Wystrach*, 267 F. App'x at 608. Indeed, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). Nevertheless, in these circumstances, where Plaintiff failed to timely respond to the motion to dismiss, failed to seek an extension, failed to respond to the motion for summary disposition, and has done nothing to prosecute the case since the action was removed, the Court finds that the fifth factor does not weigh against summary dismissal. "[T]he availability of less drastic sanctions does not necessitate that those lesser sanctions be employed in the instant matter." *Parker*, 2010 WL 1640963, *2. The Court will therefore grant summary dismissal. The Court will dismiss the case without prejudice, which is the only less drastic sanction appropriate here. *See, e.g.*, *Fader v. City of Phoenix*, 2013 WL 5446676, *2–3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the only acceptable less drastic sanction in this case.").

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary disposition (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (Doc. 10) is granted. The Clerk of Court shall enter judgment accordingly and dismiss this case without prejudice.

Dated this 14th day of May, 2019.

Dominic W. Lanza
United States District Judge